UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE RENAE BOSS,

        Movant,

                                                File No. 1:06-CV-694

v.

                                                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                        /

**O P I N I O N**

This matter comes before the Court on Movant Diane Renae Boss' motion to vacate, set aside, or correct the sentence imposed upon her by this Court pursuant to 28 U.S.C. § 2255.

**I.**

Movant was indicted on July 29, 2004, on multiple counts of fraud, conspiracy and money laundering. *United States v. Marcusse, et al.*, 1:04-CR-165 (W.D. Mich.). On May 24, 2005, the seventh day of trial, Movant entered a plea of guilty to three counts of the superseding indictment: conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 (40s), conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 (41s), and conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (42s). On December 16, 2005, Movant was sentenced to 121 months in prison, three years of supervised release, and restitution of $8,351,712.50. Movant did not appeal her conviction or sentence.

Movant filed this § 2255 petition *pro se*, asserting three grounds for relief: ineffective assistance of counsel, prosecutorial misconduct, and *United States v. Booker*, 543 U.S. 220 (2005). The government has filed a response in opposition.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

2

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice" or 2) "actual innocense."  *Massaro v. United States*, 538 U.S. 500, 504 (2003);  *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).  To satisfy the "cause" test, a petitioner must show that "some objective factor external to the defense" kept him from raising the issue earlier.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  An ineffective assistance of counsel claim is not subject to the procedural default rule and may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.  *Massaro*, 538 U.S. at 504.

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.  Section 2255 does not require a full blown evidentiary hearing in every instance.  "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."  *Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the

record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

**A. Ineffective Assistance of Counsel**

Movant received representation from two attorneys with respect to the charges in this case, Richard Lobbes and Paul Mitchell. Movant asserts that she received ineffective assistance of counsel because neither Mr. Lobbes nor Mr. Mitchell advised her of her right to cooperate with the government; neither Mr. Lobbes nor Mr. Mitchell was prepared for trial and for cross-examination of witnesses; and Mr. Mitchell did not challenge the scope of her role in this case.

To make out a claim of ineffective assistance of counsel, Movant must establish two elements: "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "The objective standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Mason v. Mitchell*, 320 F.3d 604,

616-17 (6th Cir. 2003)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Movant claims that she was not advised of her "right to cooperate with the government." This claim lacks legal merit. There is no constitutional right to a plea bargain. *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *United States v. Sammons*, 918 F.2d 592, 601 (6th Cir. 1990). Accordingly, it follows that there is no constitutional right to cooperate with the government in exchange for consideration from the government. Although a defense attorney's failure to notify his client of a prosecutor's plea offer would constitute ineffective assistance of counsel, *Griffin*, 330 F.3d at 737, to the extent Movant is claiming that counsel failed to notify her of a government plea offer that included a cooperation agreement, the claim has no factual support. Mr. Lobbes states in his affidavit that from the time he began representing Movant in August 2001 through the end of his representation in the fall of 2003, he discussed with Movant her desire to cooperate and was involved in approximately 20 hours of meetings with Movant and various law enforcement personnel, which ultimately resulted in a plea offer containing a cooperation component. (Lobbes Aff. ¶¶ 8-9, 14, 17-19, Gov. Resp. Ex. 3). Movant rejected the plea offer in the fall of 2003 and obtained new counsel. (Lobbes Aff. ¶¶ 21-22). Mr. Lobbes' representations are corroborated by the government's proposed plea agreement, by the government's September 8, 2003 letter

to Mr. Lobbes seeking a decision from Movant regarding her decision on whether to cooperate, and by the government's assertion that it had face to face discussions with Movant about her desire to cooperate. (Gov't Resp. at 7, and Ex. 1 & 2). Mr. Lobbes' representations are also corroborated by Mr. Mitchell, who states in his affidavit that Movant advised him that the government had offered a cooperation agreement. (Mitchell Aff. ¶ 4). Mr. Mitchell states that prior to trial he discussed cooperation with the government and with Movant, but Movant asserted her innocense and told him she would not plead guilty. (Mitchell Aff. ¶¶ 5-6). When Mr. Mitchell inquired about the possibility of a plea in the middle of trial, the government indicated it did not want Movant to testify, and Movant signed the plea agreement knowing that it did not include a cooperation agreement. (Mitchell Aff. ¶ 11). Movant's assertion that she was not advised of her right to cooperate is contradicted by the record and is inherently incredible.

Movant asserts that neither Mr. Lobbes nor Mr. Mitchell was prepared for trial. Movant discharged Mr. Lobbes in the fall of 2003, before she was even indicted, so his trial preparedness is not relevant to any prejudice she might have suffered. As to Mr. Mitchell, Movant's § 2255 petition does not identify any examples of his unpreparedness or any alleged prejudice she suffered as a result. A generalized assertion that counsel was unprepared for trial is not sufficient to demonstrate either prong of the *Strickland* test. *Cunningham v. United States*, No. 96-3874, 1998 WL 228028 at *3 (6th Cir. Apr. 27, 1998).

6

In her reply brief Movant asserts for the first time that Mr. Lobbes was ineffective for not protecting her right not to incriminate herself. Specifically, she contends he allowed her to release key evidence to the government without first obtaining protection from self-incrimination, immunity from prosecution, or a substantial sentence reduction. She has not, however, made any showing that any of the evidence she released was used against her at trial or that it would not have been available to the government from other sources. In fact, the government indicates that when Movant was interviewed and proffered evidence pre-indictment, she did so under an immunity agreement. (Gov't Resp. at 13). Accordingly, Movant has failed to show that Mr. Lobbes rendered ineffective assistance.

In her reply brief Movant asserts that Mr. Mitchell was ineffective for pressuring her into entering a plea. Notwithstanding Movant's argument to the contrary, Movant testified under oath that her plea was not coerced and that it was freely and voluntarily entered. (1:04-CV-165, Docket # 685, Plea Tr. at 13). Movant's asserted basis for her claim that she was pressured into pleading guilty is that because she won a previous related civil suit, she should have been found not guilty in the criminal trial. Contrary to Movant's arguments, her success on a civil action for embezzlement had no relevance to her ability to defend against a criminal action on the vastly different charges of fraud, conspiracy and money laundering.

Finally, Movant's assertion that Mr. Mitchell was not prepared for trial and for cross-examination of witnesses is contradicted by the record. Movant did not enter her plea until the seventh day of trial. It was evident to the Court during those first days of trial that

7

Mr. Mitchell was well prepared for trial and that his performance was well within any objective standard of reasonableness.

With respect to Movant's claim that Mr. Mitchell failed to argue that she had only a "minimal role" in the Ponzi scheme, Mr. Mitchell has explained that he made a tactical decision not to argue that she played a "minimal role," but to concentrate instead on challenging the recommendation in the presentence report that she receive an upward adjustment of three levels for her role as a manager or supervisor.

In reviewing trial counsel's strategic decisions, the Court starts with "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Movant cannot overcome the presumption that Mr. Mitchell's failure to argue in favor of a downward adjustment for her "minimal role" was sound trial strategy. Given Movant's substantial involvement in the office and her ties to Jan Marcusse, this Court assessed a two-level enhancement for Movant's supervisory, managerial, or leadership role. (1:04-CR-165, Docket # 687, Sent. Tr. at 5-6). Under the circumstances of this case an argument for a downward adjustment for a "minimal role" would have been frivolous and would have detracted from counsel's successful argument for a reduction in the recommended three-level upward adjustment for Movant's managerial role.

Movant has failed to establish that counsels' performance fell below an objective standard of reasonableness, and she has also failed to establish that there is a reasonable

probability that, but for the deficiency, the outcome of the proceedings would have been different. Movant's ineffective assistance of counsel claim must accordingly be denied.

## B. Prosecutorial Misconduct

Movant's prosecutorial misconduct claim is based upon her assertion that the government should have moved for a Rule 35(b) sentence reduction based upon her testimony and documentation that the government was able to use in its case against the other defendants.

The claim has no merit. The government has no obligation to file a Rule 35(b) motion except to the extent it has promised to do so. Notably absent from Movant's petition is any claim that the government promised to file such a motion should she cooperate. Although Movant was offered a plea agreement that included the government's promise to use good faith in evaluating whether to file a motion for reduction of sentence pursuant to § 5K1.1 or Rule 35(b), Movant rejected that agreement despite her attorney's warning that such a favorable offer might not be made available in the future. (Lobbes Aff. ¶ 21). Movant was aware that the plea agreement she signed mid-way through trial did not contain a similar cooperation provision. (Mitchell Aff. ¶ 11).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). If a plea agreement allocates complete discretion to the government to consider whether a substantial assistance

9

motion should be filed, or if it is silent with respect to substantial assistance motions, then the court may only review the government's decision not to file a motion for substantial assistance for unconstitutional motives. *United States v. Lukse*, 286 F.3d 906, 911 (6th Cir. 2002). *See also United States v. Gates*, 461 F.3d 703, 711 (6th Cir. 2006) (holding that prosecutorial misconduct claim based on government's failure to file § 5K1.1 downward departure motion was reviewable only if there was claim of unconstitutional motivation). Movant's plea agreement was silent with respect to substantial assistance motions. Movant has not alleged any unconstitutional motive in this case, nor does it appear that she would have any grounds to support such a claim. Accordingly, Movant is entitled to no relief on her prosecutorial misconduct claim.

## C.  *United States v. Booker*

Movant's final claim is that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the guidelines were advisory only and her sentence should be reviewed outside of the sentencing guidelines taking into consideration her vocational skill, family ties and responsibilities.

Movant did not challenge her sentence on direct appeal, so this claim is procedurally barred. Furthermore, this claim lacks merit. *Booker* was decided prior to Movant's sentence, and the Court was well aware that after *Booker* the Sentencing Guidelines were advisory only. (1:04-CR-165, Docket # 685, Pl. Tr. at 38). At sentencing the Court considered the relevant factors under 18 U.S.C. § 3553, including the nature and circumstances of the

offense, Movant's history and characteristics, the seriousness of the offense, the deterrent effect that a sentence should have, and Movant's need for counseling. The Court entered a sentence that it considered to be consistent with the statute and the guidelines. (1:04-CR-165, Docket #687, Sent. Tr. at 20-25). Movant is clearly not entitled to relief on her *Booker* claim.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255 for ineffective assistance of counsel, prosecutorial misconduct, or under *Booker*. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.


Dated:   June 27, 2007             /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE

11